**IN THE COURT OF APPEALS OF IOWA**

No. 14-1195
Filed January 28, 2015

**IN THE INTEREST OF J.C.,**
**Minor Child,**

**D.C.,**
 Appellant.
_____

 Appeal from the Iowa District Court for Polk County, Terry L. Wilson, Judge.

 An established father appeals the juvenile court order terminating his parental rights. **DECISION VACATED.**

 Colin McCormack of Van Cleaf & McCormack Law Firm, L.L.P., Des Moines, for appellant.

 Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee State.

 Michael Bandstra, Des Moines, for minor child.

 Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

An established father appeals the juvenile court order terminating his parental rights. The established or legal father is not a parent under Iowa Code chapter 232 (2013), and we conclude the juvenile court did not have the authority in this termination proceeding to enter an order terminating his parental rights. We therefore conclude the order terminating his parental rights should be vacated.

Daniel and Khrista were married at the time the child, J.C., was born, but Daniel is not the biological father of the child. In addition, Daniel is not the adoptive father of the child. Robert is the child's biological father. Due to the mother's use of methamphetamine, the child was adjudicated to be a child in need of assistance (CINA). During the CINA proceedings, the juvenile court entered a ruling determining that because Daniel was not the child's biological or adoptive father, he was not a necessary party to the proceedings and dismissed him as a party. *See* Iowa Code §§ 232.2(39) (defining "parent" as "a biological or adoptive mother or father of a child"), .91(1) (listing the necessary parties in a CINA proceeding as the child's parent, guardian, custodian, or guardian ad litem). Daniel appealed that ruling.

While the ruling dismissing Daniel from the CINA proceedings was pending on appeal, on May 14, 2014, the State filed a petition seeking to terminate Daniel's parental rights. The juvenile court denied Daniel's motion seeking to dismiss the juvenile court proceedings on the ground of lack of jurisdiction, which claimed the court could not terminate his parental rights if he was not considered to be a parent under chapter 232. The court entered an

order on June 30, 2014, finding Daniel's parental rights should be terminated under sections 232.116(1)(d) and (h).[1] Daniel appealed the order terminating his parental rights.

On December 26, 2014, the Iowa Supreme Court filed a decision determining Daniel was not a necessary party to the CINA proceedings because he was not a parent within the meaning of section 232.91(1). *In re J.C.*, ___ N.W.2d ___, ___, 2014 WL 7338505, at *5 (Iowa 2014). The court also reviewed sections 232.111(4) and 232.112(1), and concluded, "In our review of the clear and unambiguous language of the statute, Daniel was not a necessary party to the termination proceedings." *Id.* at ___, 2014 WL 7338505, at *8. The court found Daniel was not a parent nor a person standing in the place of a parent. *Id.*

The Iowa Supreme Court noted that under section 232.117(3), Daniel could have petitioned to intervene in subsequent termination proceedings as an interested party, rather than a necessary party. *Id.* at ___, 2014 WL 7338505, at *10-11. Our review of the record shows Daniel did not attempt to intervene in the termination proceedings as an interested party under section 232.117(3).

The Iowa Supreme Court has determined Daniel is not the child's parent under chapter 232. *Id.* at ___, 2014 WL 7338505, at *11 ("Although Daniel is J.C.'s established father, he is not her parent under chapter 232."). Because Daniel was not a parent for purposes of chapter 232, he did not have parental rights that could be terminated. *See* Iowa Code § 232.116(1) (providing for "termination of both the parental rights with respect to a child and the relationship

---

[1] The court entered an order on April 17, 2014, terminating the parental rights of Khrista and Robert. The termination of Khrista's parental rights was affirmed on appeal. *See In re J.C.*, No. 14-0658, 2014 WL 3513231 (Iowa Ct. App. July 16, 2014).

between the parent and the child"). Daniel is not a parent under chapter 232, and we conclude the juvenile court did not have the authority in this termination proceeding to enter an order terminating his parental rights. We therefore conclude the order terminating his parental rights should be vacated.

**DECISION VACATED.**